UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARRIE A. MARSHALL,<br>    Plaintiff,<br>   v.<br>KILOLO KIJAKAZI,<br>    Defendant. | Case No. 21-cv-07516-WHO<br><br>**ORDER GRANTING MOTION FOR REMAND AND REMANDING FOR AN AWARD OF BENEFITS**<br><br>Re: Dkt. Nos. 15, 18, 19 |

Plaintiff Carrie A. Marshall seeks review from a partially unfavorable decision by an Administrative Law Judge (ALJ), finding her disabled for one out of three contested periods. The Commissioner agrees that, with respect to the first and third periods at issue, the ALJ made significant errors in his analysis of plaintiff's subjective complaints and the medical evidence, failing to apply the governing regulations. The Commissioner, therefore, moves for a second remand to allow the ALJ to revisit the first and third periods and reassess the subjective and medical evidence under the appropriate standards, redetermine Marshall's appropriate Residual Functional Capacity (RFC), and solicit testimony from a Vocational Expert (VE) regarding the reassessed RFC. Mot. to Remand [Dkt. No. 15]. Plaintiff argues, instead, that I should apply the credit-as-true rule to the medical and subjective evidence improperly discounted by the ALJ and in doing so, find Marshall disabled for the first and third periods and remand for determination of benefits only. Response [Dkt. No. 18] at 21-23.

For the reasons explained below, I GRANT the motion to remand, but remand solely for a determination and payment of benefits due.

# BACKGROUND

## I. INITIAL PROCEDURAL HISTORY

On July 27, 2015, Marshall filed a Title XVI application for supplemental security benefits and a Title II application for disability benefits. Administrative Record ("AR") 17. Her claims were denied initially and again on reconsideration. AR 17. Marshall requested a hearing on April 25, 2016. AR 17. Marshall and Timothy J. Farrell, an impartial vocational expert, appeared and testified before Administrative Law Judge ("ALJ") David LaBarre on August 4, 2017. AR 17, 30. On January 10, 2018, ALJ LaBarre issued an unfavorable decision, finding that Marshall was not disabled. AR 14, 30. ALJ LaBarre's denial became the Commissioner's final decision when the Appeals Counsel declined review on November 15, 2018. AR 1, 5.

Marshall then filed suit in the United States District Court of Northern California. AR 622; *see* Case No. 19-cv-0306-WHO. On March 31, 2020, I granted Marshall's summary judgment motion and remanded the case for further proceedings. AR 621. As I explained in my March 2020 Order, the ALJ made several significant errors: (1) the ALJ pointed to no evidence showing that Marshall could tolerate jobs with even occasional high pressure demands given the consistent evidence in the record and the opinions from her treating providers (including Nurse Practitioner Mole) that Marshall would be impaired in her ability to withstand the stress of a normal workday and interact appropriately with others (AR 636); (2) the ALJ rejected both of NP Mole opinions that Marshall would miss more than four days of work each month when he focused on "the more normal examination findings out of context" and overlooked the overall diagnostic picture NP Mole presented (AR 638); (3) the ALJ failed to address a treating physician's "opinion that Marshall's symptoms (such as her shortness of breath and chest pressure) increased" under stress or exertion (AR 641); (4) the ALJ improperly discounted Marshall's self-reports by not identifying "any evidence in the record . . . that contradicts her testimony regarding the severity of her symptoms and the limitations those symptoms impose" (AR 642); and (5) the ALJ incorrectly discredited Barbara Marshall's lay witness testimony by failing to identify the specific statements she made that "were inconsistent with specific pieces of medical evidence in the record." AR 643.

2

1  Consistent with my Order, the Appeals Council vacated the hearing decision and remanded
2  the matter back to the hearing level for further proceedings.

## II.   PROCEEDINGS ON REMAND AND SECOND ALJ DECISION

On February 2, 2021, ALJ LaBarre held a telephone hearing with Marshall and Thomas Sartoris, a vocational expert. AR 559. On July 28, 2021, ALJ LaBarre issued a partially favorable decision, separating his findings into three separate periods. AR 553, 579.

For the period from January 6, 2014, through June 25, 2015, the ALJ found Marshall not disabled. ("First Period") AR 565. The ALJ determined that Marshall had the following impairments during this timeframe: cardiomyopathy with defibrillator and congestive heart failure. AR 564. He found that Marshall's impairments did not significantly limit her ability to perform basic work-related activities for 12 consecutive months during this period, and therefore, her impairments were not severe. AR 564. In reaching that conclusion, the ALJ reasoned that Marshall's physical examinations were "generally normal" with a few tests results only "mildly abnormal." AR 565. He found these generally mild findings consistent with the fact that Marshall continued to work as a waitress during this period, earning wages consistent with previous years, supported his determination that Marshall was not disabled during this First Period. *Id*.

For the period from June 26, 2015, through February 20, 2020, the ALJ found Marshall disabled. ("Second Period" or "Closed Period"). AR 576. The ALJ first determined that Marshall had more impairments during this period, specifically: "congestive heart failure; cardiomyopathy with defibrillator; panic attacks; anxiety disorder; depressive disorder; marijuana use disorder; lumbar spine degenerative disc disease; and lumbar disc prolapse with root compression." AR 565. The ALJ conceded that Marshall's impairments were severe during this period because they significantly limited Marshall's "ability to perform basic work activities." *Id*. Given the more significant severe impairments, he concluded that she had the RFC to perform sedentary work, "able to frequently lift and carry five pounds; is occasionally able to lift ten pounds; sit for up to six hours; stand and walk for two hours in an eight hour workday with normal breaks; should never climb ladders, ropes or scaffolds; can occasionally climb ramps/stairs; can occasionally stoop, kneel, crouch and crawl; can occasionally balance; must avoid concentrated

exposure to unprotected heights, open flames, and dangerous moving machinery; The claimant can perform simple, repetitive tasks that requires no face to face interaction with the public. In addition, the claimant can occasionally interact with co-workers and supervisors. The claimant cannot perform fast paced work, i.e., assembly line work. The claimant would be absent at least twice per month." AR 570. Given that RFC, the ALJ determined that during that period Marshall could not perform her past work and, relying on the VE testimony, concluded that she was also "unable to make a successful vocational adjustment to work that existed in significant numbers in the national economy." AR 576. As such, the ALJ found that Marshall was disabled in the Second, Closed Period. *Id*.
AR 570.

However, the ALJ determined that Marshall's disability ended on February 21, 2020, because of medical improvement. ("Third Period") AR 579. The ALJ agreed that Marshall had the same impairments as in the Second Period but concluded that Marshall "experienced a significant improvement in her depression and anxiety issues." AR 577. The ALJ identified the following in support of improvement: In February 2020, Marshall reported "feeling much better . . . and generally experiencing improved anxiety and depression" during her visit to Pathways to Wellness Center. AR 577. In May 2020, Marshall reported that her psychiatric medications were effective. AR 577. In July and October 2020, Marshall stated that "her anxiety and depression [are] at a 1-2 out of 10 and described good sleep and fair energy and concentration." AR 577. Finally, the ALJ noted that after the February 2021 hearing, Marshall "told Dr. Tang she was able to care for her personal needs and perform only light daily living activities." AR 577.

Marshall's RFC remained essentially the same from the Second Period, except the ALJ found that Marshall would only be absent one workday per month, compared with "at least two" monthly absences in the Second Period. AR 577. In light of the VE's testimony, "that missing one day per month would be acceptable and not disqualifying" for the range of identified jobs, the ALJ found that there were a significant number of jobs existing in the national economy that Marshall could perform and so she was not disabled for the Third Period. AR 578-79.

4

**LEGAL STANDARD**

**I.    DISABILITY DETERMINATION**

A claimant is "disabled" as defined by the Social Security Act if he is (1) "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months," and (2) the impairment is "of such severity that she is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 1382c(a)(3)(A)-(B); *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012). To determine whether a claimant is disabled, an ALJ engages in a five-step sequential analysis as required under 20 C.F.R. § 404.1520(a)(4)(i)-(v).

In the first two steps of the evaluation, the claimant must establish that he (1) is not performing substantial gainful activity, and (2) is under a "severe" impairment. *Id.* § 416.920(a)(4)(i)-(ii). An impairment must have lasted or be expected to last 12 months in order to be considered severe. *Id.* § 416.909. In the third step, the claimant must establish that her impairment meets or medically equals a listed impairment described in the administrative regulations. *Id.* § 416.920(a)(4)(iii). If the claimant's impairment does not meet or equal one of the listed impairments, before proceeding to the fourth step, the ALJ is to make a residual functional capacity determination based on all the evidence in the record; this determination is used to evaluate the claimant's work capacity for steps four and five. *Id.* § 416.920(e). In step four, the claimant must establish that her impairment prevents the claimant from performing relevant work she did in the past. *Id.* § 416.920(a)(4)(iv). The claimant bears the burden to prove steps one through four, as "at all times, the burden is on the claimant to establish [her] entitlement to disability insurance benefits." *Id.* (alterations in original). Once the claimant has established this prima facie case, the burden shifts to the Commissioner to show at the fifth step that the claimant is able to do other work, and that there are a significant number of jobs in the national economy that the claimant can do. *Id.* §§ 416.920(a)(4)(v), (g); 416.960(c).

## II. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. *See Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996); *see also DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards). Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." *See Saelee v. Chater*, 94 F.3d 520, 521–22 (9th Cir. 1996) quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *See Richardson*, 402 U.S. at 401 (internal quotation marks and citation omitted).

This court must review the record as a whole and consider adverse as well as supporting evidence. *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. *See Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *See Robbins*, 466 F.3d at 882 (quoting *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)); *see also Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

## III. CREDIT AS TRUE

In the Ninth Circuit, a district court may remand for an award of benefits where "there are no outstanding issues that must be resolved before a proper disability determination can be made, and where it is clear from the administrative record that the ALJ would be required to award benefits" if the claimants or medical opinion evidence were "credited." *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1401 (9th Cir.1988) ("*Varney II*"). In those circumstances, a court should not "remand solely to allow the ALJ to make specific findings regarding that testimony," rather the court should "take that testimony to be established as true." *Id.*

The Ninth Circuit has since "devised a three-part credit-as-true standard, each part of which must be satisfied in order for a court to remand to an ALJ with instructions to calculate and

award benefits: (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014).

Therefore, "a claimant is otherwise entitled to an immediate award of benefits under the credit-as-true analysis" unless "the record . . . creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id*. at 1021.

## DISCUSSION

Both parties agree that the ALJ deficiently analyzed the medical opinion evidence and vocational evidence, and improperly rejected Marshall's subjective testimony, rendering his opinions on the First and Third Periods reversible. Mot. to Remand at 3; Response at 15-18, 21. But Marshall argues that I should order a sentence four 42 U.S.C. § 405(g) remand with a finding of disability and requiring payment of benefits for the First and Third periods under the credit-as-true rule. Applying that rule, Marshall contends remand for payment of benefits is appropriate because: (1) the record is fully developed and no useful purpose would be served by further proceedings; (2) the ALJ improperly rejected Dr. Kollath's, Dr. Japra's and NP Mole's opinions; and (3) Marshall is disabled when the improperly rejected evidence is considered. Response 1-2, 22, 23.[1]

The Commissioner opposes, contending that there are "outstanding issues" "for the First and Third Periods for the ALJ to resolve, as well as insufficient vocational evidence." Mot. to Remand 4, 5. Those issues are: (1) whether Nurse Practitioner Mole's more restrictive functional limitations, including that Marshall would miss up to four days of work a month, should be credited once the ALJ applies the appropriate scope of review; (2) to resolve the substantial ambiguities in the medical evidence that cast doubt on Marshall's statements about the intensity, persistence and limiting effects of her symptoms; and (3) what plaintiff's RFC should be in light

---

[1] The Commissioner agrees that he will not contest Marshall's entitlement to benefits for the Second, Closed Period. *Id*. at 3.

of property credited medical and subjective testimony. *Id*. at 5-7.

Starting with the second prong of the credit as true rule, the Commissioner admits that the ALJ failed to provide legally sufficient reasons for rejecting the evidence, including Marshall's subjective testimony, the vocational expert testimony, and the medical opinion evidence.[2] Those admissions demonstrate that the second prong is satisfied.

The third prong – if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand – is also satisfied, based on the VE's testimony that a claimant who would miss more than one day of work a month could not sustain employment. In at least three of medical opinion statements that the ALJ improperly discredited, Marshall's providers agreed that given Marshall's physical symptoms and because those symptoms worsened with stress and under exertion, Marshall would miss more than four days of work a month. *Compare* Mole Medical Source Statement dated 1/18/16 (AR 416, noting limitations existed prior to 2014); Mole Physician's Medical Source Statement 7/24/17 (AR 552); Japra Cardiac Medical Source Statement 7/19/2017 (AR 549, noting limitations went back to 2013) *with* Transcript AR 608. The medical sources opined that her limitations existed at least as far back as 2013. Crediting this testimony as true, Marshall was disabled for the First Period through January 25, 2016.

The ALJ seemed to agree with at least some of these limitations for the Second Period (January 25, 2016- February 20, 2020), where he found Marshall disabled as a result of missing at least two days of work per month. AR 576. As noted, the only difference in the ALJ's RFC determination from the Second to Third Period was his determination that Marshall's mental health status had improved so that by February 21, 2020 Marshall would only miss one day of work each month. *Compare* AR 575 *with* 578. However, the Commissioner admits that the ALJ did not invoke legally sufficient justifications for discounting both Marshall's consistent testimony

---

[2] Mot. To Remand at 3 ("The Commissioner agrees that the ALJ's analyses of Plaintiff's subjective symptoms and the vocational evidence for the First and Third Periods were deficient. Moreover, the ALJ's analysis of the medical opinions and prior administrative medical findings from the State agency medical consultants did not comport with the applicable regulations.").

about her limitations, and the medical source opinions that imposed the at least four days missing from work limitation throughout. Finding no explanation in the ALJ's decision that could support the ALJ's determination that after February 20, 2020 Marshall would be absent only one day a week (and the Commissioner identifies none), the medical source statements and other evidence conclusively establish that Marshall would be considered disabled on remand.[3]

The final prong of the credit-as-true rule –whether the record has been fully developed and further administrative proceedings would serve no useful purpose – is likewise satisfied. Given the VE's clear and unequivocal testimony, crediting the limitations imposed by Mole and Japra as true, establishes that Marshall is disabled. No further VE testimony would be required because the amount of work Marshall would miss disqualifies her from all possible employment identified by the VE. AR 608.[4]

While the Commissioner argues that further proceedings are necessary, he does not identify what further evidence (from medical providers, from Marshall, or from a vocation expert) is required. Instead, he suggests only that the ALJ be given a third opportunity to weigh the existing evidence under the correct standards. Mot. to Remand at 5-7.[5] It is true that when I considered this case on the prior appeal I declined to remand for payment of benefits, and

---

[3] In addition to missing up to four days a month, Japra also found that Marshall would need to elevate her legs for three to four hours during an eight-hour workday. AR 548. The VE explained that no work in the national economy exists for a person that "would need to elevate her legs for 15 minutes throughout the workday." AR 609. Japra further noted that Marshall's cardiac symptoms would interfere with her attention and concentration six to thirty-three percent of the time during an eight-hour workday. AR 547. However, the maximum off task allowable, according to the VE is fifteen percent. AR 609. These credited as true limitations provide further support for remanding for payment of benefits for all three periods in this case.

[4] Marshall also argues that the ALJ improperly discredited her and her mother's subjective testimony, as well as the medical opinion evidence of Dr. Ute Kollath. Response at 15, 17-20. I need not reach these arguments, but I agree in part. One of the reasons the ALJ gave for rejecting Marshall's testimony was that "no treating or examining medical source endorsed the degree of limitation alleged by the claimant or assessed more restrictive functional limitations than those determined in this decision." AR 574. As discussed above, Mole and Japra endorsed a more restrictive limitation (four absences per month) than offered in the ALJ's decision (one or two absences per month in the Third and Second Periods, respectively). AR 570, 573, 578.

[5] The Commissioner seeks remand so that errors in how the ALJ weighed evidence can be addressed, the ALJ can be given another opportunity to resolve "substantial ambiguities" in the existing medical evidence, and the ALJ could have a third chance to determine Marshall's appropriate RFC for the First and Third Periods. Mot. to Remand at 5-7.

9

remanded so that the ALJ could address whether the limitations suggested by Marshall's medical providers "may or may not be interrelated to Marshall's mental health impairments, seeking clarification or additional information from an examining physician as necessary." March 31, 2020 Order in Case No. 19-cv-00306. The ALJ was given an opportunity to do so. But no third attempt is required or merited. Instead, this case presents "exceptional facts"—given the time since application for benefits and the burden of delay— that appropriately inform my decision to exercise my discretion to remand for immediate payment of benefits. *Terry v. Sullivan*, 903 F.2d 1273 (9th Cir. 1990); *see also Trevizo v. Berryhill*, 871 F.3d 664, 683 (C.A.9 (Ariz.), 2017); *Howard v. Saul*, No. 3:18-cv-02570-JD, 2019 WL 6311411 (N.D. Cal. Nov. 25, 2019). Marshall first applied for benefits more than seven years ago and additional delays would be "unduly burdensome." *Terry*, 903 F.2d at 1280 (remanding for payment of benefits where seven years had passed since claimant filed for benefits); *see also Trevizo*, 871 F.3d at 683 (same).

All three credit-as-true factors are met. Reviewing the record as a whole, there are no serious doubts that Marshall was disabled for the First Period and is in fact disabled for the Third Period. I conclude that this case should be remanded for calculation and payment of benefits.

## CONCLUSION

For the reasons above, I GRANT the Commissioner's motion to remand, finding that remand is appropriate under sentence four of 42 U.S.C. § 405(g). I remand with a finding of disability and order payment of benefits for the undisputed Second Period and for the disputed First and Third Periods under the credit-as-true rule.

**IT IS SO ORDERED.**

Dated: March 26, 2023

William H. Orrick
United States District Judge